UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | ___ |
| Send | ___ |
| Enter | ___ |
| Closed | ___ |
| JS-5/JS-6 | ___ |
| Scan Only | ___ |

**CASE NO.:** CV 08-04057 SJO (JCx)   **DATE:** July 23, 2008

**TITLE:** Screen Actors Guild, Inc. v. Digging to China Productions, LLC, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                          Not Present
Courtroom Clerk                                           Court Reporter

**COUNSEL PRESENT FOR PETITIONER:**        **COUNSEL PRESENT FOR RESPONDENTS:**

Not Present                                               Not Present

========================================================================
**PROCEEDINGS (in chambers):**
ORDER GRANTING PETITIONER'S MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT IN CONFORMITY THEREWITH
[Docket No. 1]

This matter is before the Court on Petitioner Screen Actors Guild Inc.'s ("SAG") Motion for Order Confirming Arbitration Award and for Entry of Judgment in Conformity Therewith, filed June 19, 2008. Respondents Digging to China Productions, LLC ("Digging to China") and Gallery Motion Pictures, Inc. ("Gallery") (collectively, "Respondents"), have not filed an Opposition. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 21, 2008. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Motion is GRANTED.

I.     BACKGROUND

SAG, a labor organization representing performers in the entertainment industry, and Respondents, motion picture producers, are parties to a collective bargaining agreement (the "Agreement").[1] (Mot. 3.) During the term of the Agreement, Digging to China produced the motion picture "Digging to China" (the "Picture"). (Mot. 3.) The Picture was released by Respondents, triggering payment obligations to performers under the Agreement. (Mot. 3-4.) Respondents failed to make said payments. (Mot. 4.)

Pursuant to the Agreement, SAG initiated arbitration proceedings against Respondents. (Mot. 4.) Respondents failed to participate in the arbitration hearing, resulting in the issuance of a decision (the "Award") in favor of SAG. (Mot. 4; Ex F.) The Award requires: (1) that Respondents pay $207,700.00 for deferred compensation, health and pension contributions, and late payment

---

[1] Digging to China is bound to the terms and conditions of the Agreement pursuant to an executed Theatrical Adherence Letter ("TAL") and Gallery is so bound pursuant to an executed Distributors Assumption Agreement ("DAA"). (Mot. 3.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   CV 08-04057 SJO (JCx)              DATE:   July 23, 2008

liquidated damages; (2) that SAG be granted an assignment of Respondent's accounts receivable from the distribution, exhibition, exploitation or other use of the Picture until the amounts due are paid in full; and (3) that the parties split the arbitrator's $500.00 fee. (Mot. 4.) The Award was served on Respondents; they have failed to comply therewith. (Mot. 4, 6.)

SAG now seeks an order of the Court confirming the Award pursuant to § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).[2] Additionally, SAG seeks attorney fees in the amount of $1,800.00 and costs in the amount of $600.00.

II.     DISCUSSION

   A.   Request for Confirmation of the Award

An arbitration award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Where a court has before it a motion to confirm an arbitration award and the non-moving party has failed to respond, the motion should be treated as an unopposed motion for summary judgment based on the moving party's submissions. *Id.* at 109. Accordingly, if the moving party is able to demonstrate the absence of a genuine issue of material fact, *see Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-50 (1986), the arbitration award must be confirmed.

In support of its Motion, SAG has provided the Court with the relevant sections of the Agreement regarding payment obligations, as well as signed copies of the TAL and the DAA. SAG has also provided the Court with a signed copy of the Award outlining Respondents' breaches and subsequent obligations under the Agreement.

"Courts are bound to defer to the conclusions of the arbitrator unless the arbitrator has manifestly disregarded the law." *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1284 (9th Cir. 1982). Here, the Court finds that the arbitrator acted within her authority in issuing the Award. Because Respondents have failed to produce any evidence that would warrant a conclusion to the contrary, SAG has met its burden under the summary judgment standard. The Court GRANTS SAG's Motion to confirm the Award.

---

Section 185(a) provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or . . . the citizenship of the parties."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 08-04057 SJO (JCx)</u>          DATE:  <u>July 23, 2008</u>

    B.    <u>Request for Attorney Fees and Costs</u>

"A court may assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) (internal quotations omitted). Where a party refuses to comply with an arbitrator's award "without justification," such refusal amounts to an act taken "in bad faith, vexatiously, or for oppressive reasons," and an award of attorney fees is proper. *Id.*; *see also Fed'n of Agents & Int'l Representatives v. United Food & Commercial Workers Union, Local 101*, 8 F. App'x 737, 740 (9th Cir. 2001).

Respondents have failed to comply with any portion of the Award, despite notice, and have provided no justification for their noncompliance. Accordingly, the Court GRANTS SAG's request for attorney fees and costs.

III.    <u>RULING</u>

For the foregoing reasons, the Court GRANTS SAG's Motion confirming the Award and awarding attorney fees and costs.

    IT IS SO ORDERED.